IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No. 6:16-300-HMH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Joseph Sansosti, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Joseph Sansosti's ("Sansosti") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court denies Sansosti's § 2255 motion and grants the Government's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Sansosti pled guilty pursuant to a conditional plea agreement to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. On April 1, 2019, Sansosti was sentenced to 135 months' imprisonment. Sansosti filed a § 2255 motion on February 24, 2020, alleging in part that his attorney failed to file a direct appeal as requested. On March 2, 2020, the court vacated his sentence and judgment of conviction and immediately reimposed and reinstated it to allow Sansosti to file an appeal. Further, the court dismissed without prejudice the remaining claims raised in his § 2255. (March 2, 2020, Order, ECF No. 166.) Sansosti filed a timely notice of appeal. (Not. Appeal, ECF No. 169.) On

1

February 22, 2022, the United States Court of Appeals for the Fourth Circuit affirmed Sansosti's convictions and sentence. United States v. Sansosti, No. 20-4214, 2022 WL 519936 (4th Cir. Feb. 22, 2022) (unpublished).

Sansosti filed the instant § 2255 motion on March 30, 2023,[1] alleging that his conviction for substantive Hobbs Act robbery no longer qualifies as a crime of violence in light of United States v. Taylor, 142 S. Ct. 2015 (2022), and thus, could not qualify as a predicate for his conviction for brandishing a firearm in furtherance of a crime of violence. (§ 2255 Mot., generally, ECF No. 199.)

The court ordered the Government to respond to Sansosti's motion on April 6, 2023. (Order, ECF No. 200.) The Government filed a response and motion for summary judgment on May 5, 2023. (Gov't Resp. Opp'n & Mot. Summ. J., ECF Nos. 202 & 203.) A Roseboro order was issued providing a June 8, 2023, deadline to respond to the Government's motion for summary judgment. (Roseboro Order, ECF No. 204.) Upon receiving a May 26, 2023, letter from Sansosti indicating that his address had changed, on June 22, 2023, the court ordered the Government to resend the motion for summary judgment and extended the time to respond until July 24, 2023. (Text Order, ECF No. 209.) For unknown reasons, the court's June 22, 2023, text order was returned as undeliverable to Sansosti. The court ordered that the motion for summary judgment be resent and extended the deadline for responding again until September 7, 2023. (Text Order, ECF No. 214.) To date, Sansosti has not filed a response to the Government's motion for summary judgment.

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

2

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B. Hobbs Act Robbery

Sansosti alleges that his conviction for substantive Hobbs Act robbery no longer qualifies as a crime of violence in light of the Supreme Court's recent decision in United States v. Taylor, 142 S. Ct. 2015 (2022), and thus, could not qualify as a predicate for his conviction for brandishing a firearm in furtherance of a crime of violence. (§ 2255 Mot., generally, ECF No. 199.) Taylor is inapplicable to this case. In Taylor, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C.

3

§ 924(c) because no element of the offense "requires proof that the defendant used, attempted to use, or threatened to use force."  Id. at 2021.   Here, Sansosti was convicted of a § 924(c) violation in connection with a substantive Hobbs Act robbery, not attempted Hobbs Act robbery, which was at issue in Taylor.   Sansosti argues that he was also charged with aiding and abetting a Hobbs Act robbery and attempted Hobbs Act robbery.   However, Sansosti pled guilty to a substantive Hobbs Act robbery offense.   (Guilty Plea Tr. 9-10, ECF No. 156.) Likewise, the Fourth Circuit on direct appeal held that

> at Sansosti's Fed. R. Crim. P. 11 hearing, the district court specifically informed Sansosti that the predicate was the substantive crime of Hobbs Act robbery, a valid predicate offense.  Moreover, Sansosti pled guilty to Hobbs Act robbery.  Thus, the critical record documents clearly establish that Sansosti pled guilty to a § 924(c) offense based on a valid predicate.

Sansosti, 2022 WL 519936, at *2.   Substantive Hobbs Act robbery is a crime of violence. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).   Therefore, the Taylor decision offers no refuge for Sansosti.

Further, Sansosti challenged his § 924(c) conviction on appeal on the basis that Hobbs Act robbery was not a crime of violence.   Sansosti cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit.   See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

In addition, even if Sansosti had pled guilty to aiding and abetting a Hobbs Act robbery, it also qualifies as a crime of violence under the force clause of § 924(c).   United States v. Draven, 77 F.4th 307, 317 (4th Cir. 2023) ("[A]iding and abetting a crime of violence also qualifies as a crime of violence."); United States v. Ali, 991 F.3d 561, 574 (4th Cir. 2021) ("[A]iding and abetting Hobbs Act robbery is a valid predicate under § 924(c)'s force clause.")

4

Based on the foregoing, Sansosti's § 2255 motion is without merit.

It is therefore

**ORDERED** that Sansosti's § 2255 motion, docket number 199, is denied. It is further

**ORDERED** that the Government's motion for summary judgment, docket number 203, is granted. It is further

**ORDERED** that a certificate of appealability is denied because Sansosti has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 22, 2023

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.